**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4753**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

BOBBIE JO BROWN,

                Defendant - Appellant.

———————

**No. 13-4754**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

MITCHELL EDWARD GARVIN,

                Defendant - Appellant.

———————

Appeals from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (1:13-cr-00010-JPJ-PMS-13; 1:13-cr-00010-JPJ-PMS-26)

———————

Submitted: July 29, 2014         Decided: August 7, 2014

———————

Before GREGORY and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————————

Casey Allen Sears, II, Johnson City, Tennessee; Douglas L. Payne, LAW OFFICE OF DOUGLAS L. PAYNE, Greeneville, Tennessee, for Appellants. Timothy J. Heaphy, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Bobbie Jo Brown and Mitchell Edward Garvin of multiple counts of passing false and fictitious checks with the intent to defraud, in violation of 18 U.S.C. § 514(a)(2) (2012), and conspiracy to pass false and fictitious checks with the intent to defraud, in violation of 18 U.S.C. § 371 (2012). On appeal, Brown and Garvin challenge their convictions, arguing that the Government did not meet its burden to prove beyond a reasonable doubt that they had the intent to defraud. We affirm.

We review de novo the district court's denial of a motion for judgment of acquittal. United States v. Strayhorn, 743 F.3d 917, 921 (4th Cir.), cert. denied, 134 S. Ct. 2689 (2014). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the Government. Id. "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011) (internal quotation marks omitted). The test is whether "any rational trier of fact could have found the essential elements beyond a reasonable doubt." United States v.

Madrigal-Valadez, 561 F.3d 370, 374 (4th Cir. 2009) (internal quotation marks omitted).

We consider "the complete picture" created by the evidence, United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996) (en banc), including both circumstantial and direct evidence, and draw all reasonable inferences from such evidence in the Government's favor. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). If the evidence supports different interpretations, the jury decides which interpretation to believe, and we "may not overturn a substantially supported verdict merely because [we] find[] the verdict unpalatable or determine[] that another, reasonable verdict would be preferable." Burgos, 94 F.3d at 862. Rather, "[a] defendant bringing a sufficiency challenge must overcome a heavy burden, and reversal for insufficiency must be confined to cases where the prosecution's failure is clear." United States v. Engle, 676 F.3d 405, 419 (4th Cir.) (internal quotation marks and citations omitted), cert. denied, 133 S. Ct. 179 (2012).

To sustain convictions under 18 U.S.C. § 371 and § 514(a)(2), the government must prove, among other elements, that the defendant had the intent to defraud when cashing the false or fictitious instrument. See 18 U.S.C. § 514(a) ("Whoever, with the intent to defraud . . . ."); Ingram v. United States, 360 U.S. 672, 678 (1959) ("Conspiracy to commit a

4

particular substantive offense cannot exist without <u>at least</u> the degree of criminal intent necessary for the substantive offense itself." (internal quotation marks omitted)). Like other facts, "[f]raudulent intent may be inferred from the totality of the circumstances and need not be proven by direct evidence." <u>United States v. Ham</u>, 998 F.2d 1247, 1254 (4th Cir. 1993). Moreover, under the doctrine of willful blindness, knowledge may be inferred where a defendant deliberately avoids enlightenment. <u>United States v. Campbell</u>, 977 F.2d 854, 857 (4th Cir. 1992).

Here, although there was no direct evidence that Appellants had the intent to defraud, we conclude that the circumstances surrounding the check-cashing scheme were suspicious enough to alert even the most unsophisticated individual to the fraudulent nature of the scheme. Moreover, the evidence suggests that Appellants took very few actions to ascertain the validity of the checks even when the transpiring events gave them reasons to suspect that the checks were not legitimate. Finally, Brown testified that she was generally wary of requests to cash monetary instruments but cashed the checks nevertheless, having only the bald assertion from someone she barely knew that they were legitimate. Thus, the jury could have concluded that Appellants "subjectively believe[d] that there [was] a high probability that" the checks were not valid and that they took "deliberate actions to avoid learning" that

they were in fact invalid.  Global-Tech Appliances, Inc. v. SEB S.A., 131 S. Ct. 2060, 2070 (2011).

Accordingly, we conclude that the Government met its burden to prove beyond a reasonable doubt that Appellants had the intent to defraud, and we affirm the district court's judgments.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED